COLLIER-DUNLAP COAL COMPANY *v.* DICKERSON.

4-9496                                           239 S. W. 2d 9

Opinion delivered May 7, 1951.

886

*Harper, Harper & Young,* for appellant.

*Yates & Yates,* for appellee.

ROBINSON, J. The appellee, Dickerson, is a coal miner and has been so engaged about thirty years, which is practically all of his adult life. On the 7th day of March, 1949, he became disabled with silicosis. At that time he had been working as a miner for the appellant, Collier-Dunlap Coal Company, for 25 months. Dickerson filed his claim with the Workmen's Compensation Commission and was allowed compensation for his disability.

The appellant contends that there is no evidence in the record showing that there was any silica dust in its mine and no evidence to the effect that Dickerson was exposed to the hazard of silicosis, while an employee of the appellant.

In our opinion appellant is correct in this contention. There is no evidence in the record showing that any silica dust was ever in appellant's mine. In fact there is no evidence on the point one way or the other.

Appellee contends that the circumstantial evidence, which included evidence to the effect that he has worked

for so many years as a miner, that undoubtedly he has silicosis, that he was able to work for appellant for 25 months before becoming disabled, also that appellant's mine was dusty, is sufficient to support the award.

Section 81-1314(b)(2), Ark. Stats., provides: "In the absence of conclusive evidence in favor of the claim disability or death from silicosis or asbestosis shall be presumed not to be due to the nature of any occupation within the provision of this section, unless during the ten years immediately preceding the date of disablement the employee has been exposed to the inhalation of silica dust or asbestos dust over a period of not less than five years." There is no showing that appellee was so exposed. The circumstantial evidence relied on by appellant is not conclusive evidence in favor of the claim and therefore is not sufficient to sustain an award without a showing that he was exposed to the hazard of silicosis in appellant's mine.

To affirm this case we would have to take judicial knowledge that the hazard of silicosis existed in appellant's mine. This Court will not take judicial knowledge of such alleged fact.

In the case of *Phelps Dodge Corporation* v. *Ford* 68 Ariz. 190, 203 Pac. 2d 633, decided in 1949, the same contention was made as is made here. In that case it was contended that the court should take judicial notice of the presence of silicon dioxide dust in the Bisbee area where claimant worked without the necessity of evidence in support thereof. The court refused to take judicial notice of such alleged fact and said:

"In order for any tribunal, whether it be judicial or *quasi*-judicial to take judicial notice of any fact, it must be so notoriously true as not to be subject to reasonable dispute, or must be capable of an immediate accurate demonstration. (57 Harvard Law Review 273.) A high degree of probability of the truth of a particular proposition cannot justify a tribunal in taking judicial notice of its truth. (57 Harvard Law Review 274.) A fact of which a court may take judicial notice must be indisputable."

If the rock, coal, or other elements in appellant's mine give off silica dust causing the hazard of silicosis to exist, then such fact can be proved without great difficulty. Without such fact being proved the evidence is not sufficient to warrant the making of an award. Section 81-1325(b), Ark. Stats., provides for remanding a case for rehearing where there is not sufficient evidence in the record to warrant the making of an award.

The case is reversed with directions that the Circuit Court remand it to the Compensation Commission for further development with regard to presence of the hazard of silicosis existing or not existing in appellant's mine.