Michael Daniel HERRINGTON *v.* STATE of Arkansas

CR 85-135                                    697 S.W.2d 899

Supreme Court of Arkansas
Opinion delivered October 28, 1985

*Switzer & Switzer*, by: *Bruce D. Switzer*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Sandra Tucker Partridge*, Asst. Att'y Gen., for respondent.

JACK HOLT, JR., Chief Justice. Petitioner, Michael Herrington, was convicted by a jury of possession of a controlled substance. He appealed, arguing that the trial court erred by denying his motion to quash the search warrant since the supporting affidavit did not mention the time during which the criminal activity was observed. The Arkansas Court of Appeals affirmed his conviction in a three-three decision. *Herrington* v. *State*, 15 Ark. App. 248, 692 S.W.2d 251 (1985). As we granted petitioner's petition for review, our jurisdiction is pursuant to Sup. Ct. R. 29(6). We reverse.

The primary issue in this case involves the application of the good faith exception to the exclusionary rule enunciated by the United States Supreme Court in *United States* v. *Leon*, 104 S. Ct. 3405 (1984), and adopted by this court in *McFarland & Soest* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985); *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985); *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 and *State* v. *Anderson*, 286 Ark. 58, 688 S.W.2d 947 (1985).

■ As we explained in *Anderson*, the Supreme Court in *Leon* held that " 'objective good faith reliance' by a police officer upon the acceptance of his affidavit by a detached, neutral magistrate will avoid application of the exclusionary rule in the event the magistrate's assessment is found to be in error." This is because "the exclusionary rule is designed to deter misconduct on the part of the police rather than to punish errors of judges and magistrates." *Anderson*, supra. We further noted in *Anderson* that:

> How far below the standard of probable cause or a constitutionally valid warrant the Supreme Court is willing to go and still find good faith on the part of the police, has been left open. . . . To date we have not read *Leon* any more broadly than finding its utility in easing the burden of the prosecution from technicalities or form which heretofore might have invalidated an otherwise constitutionally sufficient warrant and which was insufficient despite all

reasonable efforts and reliance on the part of the police.

Here, the warrant's validity is being questioned because there is no indication in the affidavit of when the criminal activity was observed. The warrant was based on a form affidavit with the information inserted in the blanks on the form. The affidavit provided as follows:

> *David M. Foy, ASP Investigator,* having been duly sworn in the form and manner required by law, on oath states:

> I have probable cause to believe that on or in the *residence, grounds and out-buildings located at Rt. 4, Box 405, Crossett, or the 1981 Chev. pickup w/AR veh lic IWE-892* in the charge or possession of *Michael Herrington* the following items or property is contained or concealed *marijuana and other controlled substances* and that such items or property (is) (are) *contraband*

> The facts upon which I base my request for a Search Warrant are:

> *An informant whom I have used several times and whose information has been accurate advised me that he had seen marijuana and other controlled substances in the house and on the premises occupied by Herrington.*

Our review of the probable cause for the issuance of the warrant is confined to the information contained in the affidavit as that was the only information before the magistrate when he issued the warrant. *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977).

In *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983), as here, we were reviewing a three-three decision by the court of appeals on the validity of an affidavit which was the basis for the issuance of a search warrant. That affidavit likewise did not mention when an informant had seen marijuana growing in the petitioner's home. We stated:

> [W]hile inferences the magistrate may draw are those which a reasonable person could draw, certain basic information must exist to support an inference. All the magistrate had in this case was the affidavit and the

information which we have recited. We find one defect that cannot be cured. The affidavit mentions no time during which the criminal activity occurred. . .

. . . .

It is the uniform rule that some mention of time must be included in the affidavit for a search warrant . . . The only softening of this position occurs when time can be inferred from the information in the affidavit. For example, where an affidavit recited that the contraband was "now" in the suspect's possession and that the search was urgent, that was found to be adequate to satisfy the time requirement . . . In another case where the affidavit said that contraband was "recently" seen, coupled with the use of present tense as to the location of the contraband, that was held to be sufficient . . . Time is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant . . . That is not an unreasonable nor technical demand of the law. (Citations omitted.)

■ Pursuant to *Leon* and *Collins*, we do not hold that the absence of a reference to time in an affidavit makes the subsequent warrant automatically defective. Rather, in such a situation, we look to the four corners of the affidavit to determine if we can establish with certainty the time during which the criminal activity was observed. If the time can be inferred in this manner, then the police officer's objective good faith reliance on the magistrate's assessment will cure the omission.

Here, however, the omission of any reference to time is so complete that none can be inferred. The only statements that are in the present tense are those pre-printed on the form. The information supplied by the affiant is imprecise ("I have probable cause to believe that *on or in*" (emphasis added)) and is worded in the past tense. There are no terms such as "recently" or "now" and no reference to an urgent situation as mentioned in *Collins, supra*, which would enable the court to ascertain the time factor. Accordingly the affidavit is defective and the warrant invalid.

■■ In *Leon*, the Supreme Court not only announced the good faith exception to the exclusionary rule, it also delineated

four errors which an officer's objective good faith cannot cure. These occur (1) when the magistrate is misled by information the affiant knew was false; (2) if the magistrate wholly abandons his detached and neutral judicial role; (3) when the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", quoting *Brown* v. *Illinois*, 422 U.S. 590, 610-11 (1975); and (4) when a warrant is so facially deficient "that the executing officers cannot reasonably presume it to be valid", *Leon*, supra, at pp. 3421-22. In its discussion of the third exception, the Court explained, "sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others," quoting *Illinois* v. *Gates*, 103 S. Ct. 2317 (1983).

An affidavit such as this, with absolutely no reference to a time frame, does not provide sufficient information upon which a probable cause determination can be made. The issuance of a warrant on such an affidavit accordingly violates Ark. Const. art. 2, § 15 and results in an unreasonable search and seizure. The evidence obtained in this manner should have been suppressed.

We need not address petitioner's second point since he prevails on his first argument.

Reversed.

PURTLE, J., not participating.