James ULRICH and Olivia KANDUR *v.* STATE of Arkansas

CA CR 86-73                                    716 S.W.2d 777

Court of Appeals of Arkansas
Division II
Opinion delivered October 1, 1986

*Young & Finley*, for appellants.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. This case comes to us from the Yell County Circuit Court. Appellants, James Ulrich and Olivia Kandur, appeal their convictions for possession of a controlled substance with intent to deliver. We reverse the trial court's decision.

Appellants raise the following seven points for reversal:

### I.

THE AFFIDAVIT FOR SEARCH WARRANT WAS DEFECTIVE IN THAT IT DID NOT REVEAL THE TIME WHEN THE OBSERVATIONS OF THE INFORMANT WERE MADE.

### II.

PROBABLE CAUSE FOR THE SEARCH WAS LACKING IN THAT THE INFORMATION WAS SUPPLIED BY AN ANONYMOUS INFORMANT.

### III.

THE MOTION TO SUPPRESS AS TO APPEL-LANT ULRICH SHOULD HAVE BEEN GRANTED.

### IV.

THE MOTION FOR DIRECTED VERDICT AS TO APPELLANT ULRICH SHOULD HAVE BEEN GRANTED.

### V.

THE SEARCH WARRANT WAS ISSUED IN VIOLATION OF THE RULES OF CRIMINAL PRO-CEDURE AND THE EVIDENCE SHOULD HAVE BEEN SUPPRESSED.

## VI.

### THE EVIDENCE WITH REGARD TO APPEL-LANT OLIVIA KANDUR WAS INSUFFICIENT TO SUPPORT A CONVICTION OF THE OFFENSE ALLEGED.

## VII.

### THE FORFEITURE OF CONFISCATED FUNDS WAS UNTIMELY AND IMPROPER.

█ The Arkansas Supreme Court's decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), requires that, where the sufficiency of the evidence is challenged on appeal of a criminal conviction, we must review the sufficiency of the evidence, including the inadmissible evidence, prior to consideration of trial errors. At the close of the State's case, appellant Ulrich moved for a directed verdict. The trial court denied the motion. Appellant Ulrich argues on appeal that it was error for the trial court to deny his motion.

█ A motion for directed verdict is a challenge to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). In reviewing the sufficiency of the evidence on appeal, this court will affirm if there is substantial evidence to support the verdict. *Pickens* v. *State*, 6 Ark. App. 58, 638 S.W.2d 682 (1982). Substantial evidence is evidence of sufficient force and character that it will with reasonable and material certainty and precision compel a conclusion one way or the other; it must force the mind to pass beyond conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

On November 9, 1984, a search warrant was obtained to search the premises of Joe Kandur. When officers arrived at the premises, both appellants were present. Appellant Ulrich was working on a car and remained outside during the search of the premises. Inside the trailer located on the property, the officers found marijuana. Inside one bedroom, officers found marijuana on the bed, a set of balance scales on a dresser, and $9,680 in cash in a laundry bag in a corner of the room. The evidence, along with that found in another bedroom, a hall, and the kitchen, was introduced into evidence at appellants' trial. Appellant Ulrich argues that there was insufficient evidence of his connection with

the marijuana to warrant his conviction for its possession.

At the time of the search on November 9, in a "patdown" for weapons, officers found $2,920 in Ulrich's back pocket. In a statement given to the officers on November 9, Ulrich stated he spent the night of November 8 and the day of November 9 at the Kandur residence, that the money found in his pocket had been earned in the bee-keeping business, and that he had not seen any marijuana.

We find that the evidence presented at the trial was insufficient to force the mind to pass beyond a suspicion or conjecture as far as appellant Ulrich is concerned. Therefore, we reverse Ulrich's conviction and dismiss the charges against him. Of course, the money confiscated pursuant to his prosecution should be returned.

Appellant Kandur also argues that the evidence was insufficient to sustain her conviction. Appellant Kandur was a joint occupant of the trailer in which the marijuana was found. She ran inside the trailer when the police drove up.

The possession required by Ark. Stat. Ann. § 82-2617 (Repl. 1976) need not be actual, physical possession, but may be constructive, as when one controls a substance or has the right to control it. *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Where there is joint occupancy of premises, mere occupancy is insufficient unless there are additional factors linking the accused with the contraband. *Blair* v. *State*, 16 Ark. App. 1, 696 S.W.2d 755 (1985). After the marijuana had been found one of the officers, after advising appellant Kandur of her rights, asked if the officers had found everything. She replied that they had. We find that there was sufficient evidence presented at the trial court to support the jury's conviction.

Appellants assert that the affidavit for the search warrant was defective in that it did not reveal the time when the observations of the anonymous informant were made. On November 9, 1984, the municipal judge issued a search warrant authorizing the seizure of illegal drugs, marijuana and equipment from the residence of appellant Kandur. The warrant was based upon the affidavit of Sheriff Denver Dennis. The facts stated in the affidavit to support the issuance of the warrant are as follows:

Sheriff Denver Dennis on 11-9-84 received a telephone call from an unidentified female citizen apprising him that located on the premises above described was illegal drugs, marijuana and illegal drug equipment for process, manufacturing and distribution of illegal drugs. That this female had observed such contraband on the Kandur property and premises. Sheriff Dennis has personal knowledge of prior drug convictions for manufacturing and selling by Joe Kandur in Yell County and in the state of New Jersey. Sheriff Denver Dennis has personal knowledge of unusual vehicle traffic.

The court held a hearing on appellants' motion to suppress the evidence seized pursuant to the search warrant. At the hearing, the municipal judge testified that he took no formal testimony from Sheriff Dennis and that he issued the warrant based on the information in the affidavit, i.e., the information from the anonymous informant and the sheriff's knowledge of Mr. Kandur's prior drug convictions and of unusual vehicular traffic around the house. Our review of the probable cause for the issuance of the warrant is confined to the information contained in the affidavit as that was the only information before the municipal judge when he issued the warrant. *Herrington* v. *State*, 287 Ark. 228, 697 S.W.2d 899 (1985).

Warrants obtained on the basis of informant's tips must satisfy a "totality of the circumstances test." *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983). The Arkansas Supreme Court set out the following rules to be applied:

It is the uniform rule that some mention of time must be included in the affidavit for a search warrant. *See* 100 A.L.R.2d 525 (1965). The only softening of this position occurs when time can be inferred from the information in the affidavit. For example, where an affidavit recited that the contraband was "now" in the suspect's possession and that the search was urgent, that was found to be adequate to satisfy the time requirement. *Coyne* v. *Watson*, 282 F.Supp. 235 (D.C. Ohio 1967). In another case where the affidavit said that contraband was "recently" seen, coupled with the use of present tense as to the location of the contraband, that was held to be sufficient. *Sutton* v. *State*,

419 S.W.2d 857 (Tex. Crim. 1967). There is no clue whatsoever given in the affidavit in this case of when the informant saw the growing marijuana. Time is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant, not that it may have been there weeks or months before. Otherwise, officials could use such information like blank checks to conduct searches at will, contrary to the purpose for which, and certainly not in the way, searches are permitted by our constitution. Searches of persons and places, especially residences, have to be one of the most serious undertakings of the law. And while legal technicalities cannot obstruct the right of the State to maintain order and bring about justice, neither can form be abandoned at the whim of law enforcement officials. Time is also important because we all have the unfettered right to know when we are accused of doing an illegal act. That is not an unreasonable nor technical demand of the law. Before a search is ordered it must be shown or be easily discernible when the contraband was seen or the illegal activity occurred.

We use a practical, common sense approach to examine search warrants but that approach cannot cure omissions of facts that are undisputedly necessary. This is especially true where great leeway is already given to authorities to use undisclosed informants and pure hearsay as a reason to search a person's home.

*Id.* at 456-457, 658 S.W.2d at 879.

In the case at bar the affidavit fails to state any sort of time frame in which the suspected criminal activity was observed. There are no words in the present tense as to the location of the drugs, no grounds for the inference that the contraband was "recently" seen, nor any words such as "now."

In *Herrington v. State*, 287 Ark. 228, 687 S.W.2d 899 (1985), the Arkansas Supreme Court was faced with a similarly defective warrant. The appellant in *Herrington* argued that the trial court erred by denying his motion to quash the search warrant since the supporting affidavit did not mention the time during which the criminal activity was observed. In *Herrington*

the court noted the holding by the United States Supreme Court in *United States* v. *Leon*, 468 U.S. 897 (1984), which held that objective good faith reliance by a police officer upon the acceptance of his affidavit by a detached, neutral magistrate will avoid application of the exclusionary rule in the event the magistrate's assessment is found to be in error. *Herrington*, 287 Ark. at 230, 697 S.W.2d at 899-900.

The affidavit in *Herrington* provided as follows:

> *David M. Foy, ASP Investigator*, having been duly sworn in the form and manner required by law, on oath states:

> I have probable cause to believe that on or in the *residence, grounds and out-buildings located at Rt. 4, Box 405, Crossett, or the 1981 Chev. Pickup w/AR veh lic IWE-892* in the charge or possession of *Michael Herrington* the following items or property is contained or concealed *marijuana and other controlled substances* and that such items or property (is) (are) *contraband*

> The facts upon which I base my request for a Search Warrant are:

> *An informant whom I have used several times and whose information has been accurate advised me that he had seen marijuana and other controlled substances in the house and on the premises occupied by Herrington.*

*Id.* at 231, 697 S.W.2d at 900.

The Arkansas Supreme Court found the warrant to be defective and announced the following rules and conclusions:

> Pursuant to *Leon* and *Collins*, we do not hold that the absence of a reference to time in an affidavit makes the subsequent warrant automatically defective. Rather, in such a situation, we look to the four corners of the affidavit to determine if we can establish with certainty the time during which the criminal activity was observed. If the time can be inferred in this manner, then the police officer's objective good faith reliance on the magistrate's assessment will cure the omission.

Here, however, the omission of any reference to time is so complete that none can be inferred. The only statements that are in the present tense are those pre-printed on the form. The information supplied by the affiant is imprecise ("I have probable cause to believe that *on or in*" (emphasis added)) and is worded in the past tense. There are no terms such as "recently" or "now" and no reference to an urgent situation as mentioned in *Collins, supra*, which would enable the court to ascertain the time factor. Accordingly the affidavit is defective and the warrant invalid.

In *Leon*, the Supreme Court not only announced the good faith exception to the exclusionary rule, it also delineated four errors which an officer's objective good faith cannot cure. These occur (1) when the magistrate is misled by information the affiant knew was false; (2) if the magistrate wholly abandons his detached and neutral judicial role; (3) when the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", quoting *Brown* v. *Illinois*, 422 U.S. 590, 610-11 (1975); and (4) when a warrant is so facially deficient "that the executing officers cannot reasonably presume it to be valid", *Leon*, supra, at pp. 3421-22. In its discussion of the third exception, the Court explained, "sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others," quoting *Illinois* v. *Gates*, 103 S.Ct. 2317 (1983).

An affidavit such as this, with absolutely no reference to a time frame, does not provide sufficient information upon which a probable cause determination can be made. The issuance of a warrant on such an affidavit accordingly violates Ark. Const. art. 2, § 15 and results in an unreasonable search and seizure. The evidence obtained in this manner should have been suppressed.

*Id.* at 232-233, 697 S.W.2d at 900-901.

We find that the warrant in the case at bar fails to mention time and fails to establish a basis upon which a time

frame can be inferred. Therefore, we reverse the decision of the trial court on this point.

We find that our disposition of the issues discussed above make it unnecessary to address the other points raised by appellants. The trial court's decision pertaining to appellant Ulrich's conviction is reversed and the charges dismissed. The trial court's conviction of appellant Kandur is reversed and the case is remanded for further proceedings in accordance with this opinion.

Reversed and dismissed in part; reversed and remanded in part.

CLONINGER and MAYFIELD, JJ., agree.