Charles HEASLET *v.* STATE of Arkansas

CA CR 01-230 74 S.W.3d 242

Court of Appeals of Arkansas
Division II
Opinion delivered May 15, 2002

*William Owen James* and *Clay T. Buchanan*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

S AM BIRD, Judge. Pursuant to Ark. R. Crim. P. 24.3(b), Charles Heaslet entered conditional guilty pleas in Lonoke County Circuit Court to charges of possession of methamphetamine, possession of drug paraphernalia, and conspiracy to manufacture methamphetamine in case number CR 99-543 and second-degree forgery in case number CR 99-554, after the trial court denied his motions to suppress the evidence found during the execution of two search warrants at his mobile home. On appeal, Heaslet argues that the trial court erred in: (1) denying his motion to suppress the evidence seized in CR 99-543 because the affidavit in support of the search warrant failed to provide a factual basis for authorizing a nighttime search; (2) denying his motion to suppress evidence seized in CR 99-543 because the trial court took improper judicial notice of the location and surroundings of his residence and violated the requirements of Ark. R. Crim. P. 13.2; (3) denying his motion to suppress evidence seized in CR 99-554 because the affidavit in support of the search warrant failed to provide sufficient facts to find probable cause. We agree that the trial court erred in refusing to suppress the evidence, and we reverse and remand.

On October 12, 1999, Deputy Steve Rich of the Lonoke County Sheriff's Office swore out an affidavit for a search warrant of Charles Heaslet's residence. The warrant authorized a night-

time search, and the search was conducted on the same date the warrant was approved. As a result of the search, Heaslet was charged in CR 99-554-543 with conspiracy to manufacture a controlled substance, possession of drug paraphernalia, and possession of a controlled substance.

On November 10, 1999, Chief Brent Cole of the Carlisle Police Department swore out an affidavit for a second search warrant of Heaslet's residence. After the warrant was issued and the search conducted, Heaslet was charged in CR 99-554-554, as a habitual offender, with five counts of forgery in the second degree.

### 1. CR 99-543

#### A. Nighttime Search

When this court reviews a trial court's denial of a motion to suppress evidence, it makes an independent determination based on the totality of the circumstances, but will only reverse if the trial court's decision was clearly against the preponderance of the evidence. *Simmons v. State*, 72 Ark. App. 238, 34 S.W.3d 768 (2000).

As a prerequisite to the issuance of a warrant for a nighttime search, the affidavit or other evidence presented in support thereof must set forth a factual basis that justifies a nighttime search. *Langley v. State*, 66 Ark. App. 311, 990 S.W.2d 575 (1999). Arkansas Rule of Criminal Procedure 13.2(c) provides that before a warrant authorizing a nighttime search is issued, the issuing judicial officer must have reasonable cause to believe that:

> (i) the place to be searched is difficult of speedy access; or

> (ii) the objects to be seized are in danger of imminent removal; or

> (iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy.

Our supreme court has invalidated nighttime search warrants when the evidence presented in support of the nighttime

search lacked facts supporting one or more of these exigent circumstances. *See, e.g., Fouse v. State*, 337 Ark. 13, 989 S.W.2d 146 (1999); *Richardson v. State*, 314 Ark. 512, 863 S.W.2d 572 (1993); *Garner v. State*, 307 Ark. 353, 820 S.W.2d 446 (1991); *State v. Martinez*, 306 Ark. 353, 811 S.W.2d 319 (1991); *Hall v. State*, 302 Ark. 341, 789 S.W.2d 456 (1990); *State v. Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980). In *Richardson v. State, supra*, the supreme court stated:

> We have consistently held that a factual basis supporting a nighttime search is required as a prerequisite to the issuance of a warrant authorizing a nighttime search. . . . We have held conclusory language . . . unsupported by facts is insufficient to justify a nighttime search. . . . Given that there was nothing to give reasonable cause to believe the items specified in the search warrant would be disposed of, removed, or hidden before the next morning, issuance of the nighttime search warrant was in error.

*Id*. at 518-19, 863 S.W.2d at 576. In *State v. Broadway*, 269 Ark. 215, 218, 599 S.W.2d 721, 723 (1980), the supreme court held that "[a]n affidavit should speak in factual and not mere conclusory language. It is the function of the judicial officer, before whom the proceedings are held, to make an independent and neutral determination based upon facts, not conclusions, justifying an intrusion into one's home."

In this case, the officers merely checked off the conclusory statements to establish reasonable cause. It is obvious that the affidavit form was drafted to reflect the requirements for reasonable cause as set out in Rule 13.2 because the language is basically the same. However, there were no specific facts presented to show that the place to be searched was difficult of speedy access, that the objects to be seized were in danger of imminent removal, or that the warrant could only be safely or successfully executed at nighttime. The affidavit only contained three statements in addition to the three checked conclusory statements. These statements provided merely that confidential informants had stated that Heaslet was making methamphetamine.

In *Garner v. State*, supra, the judge issued a nighttime search warrant and checked two boxes on the warrant that stated: "the

place to be searched is difficult of speedy access" and "the warrant can only be safely or successfully executed at night time or under circumstances the occurrence of which is difficult to predict with accuracy." In reversing the trial court's denial of appellant's motion to suppress, the *Garner* court stated:

> [C]onclusory statements [do] not suffice to establish the requisite factual basis for reasonable cause. . . . We, therefore, hold that the two statements "checked" were conclusory and unsupported by sufficient facts and, accordingly, did not establish reasonable cause for a nighttime search. Without sufficient factual premises, it was impossible for the municipal judge to make an intelligent finding of reasonable cause to justify a nighttime search.

*Id.* at 357-58, 820 S.W.2d at 449.

■ ■ It is our duty as a reviewing court to ensure that the magistrate had a substantial basis for concluding that probable cause existed. U.S. Const. amend. IV; *Yancey v. State,* 345 Ark. 103, 44 S.W.3d 315 (2001). We hold that not only was the search warrant deficient under Ark. R. Crim. P. 13.2(c), but that probable cause was lacking to justify a nighttime search.

## B. Good-Faith Exception

■ ■ We now address the question of whether the police officers acted in good faith in executing this search warrant under *United States v. Leon,* 468 U.S. 897 (1984). In *Leon,* the Court held that the Fourth Amendment exclusionary rule should not be applied to exclude evidence obtained by police officers acting in reasonable reliance on a search warrant that is ultimately found to be invalid. We have held that an objective standard of good faith is not met when a police officer only presents suspicions regarding removal of contraband and the municipal judge only repeats the boilerplate language from Rule 13.2(c). *See Richardson v. State, supra; Garner v. State, supra.* We hold that, under the objective standard, a reasonably well-trained police officer would not have believed that probable cause existed to conduct a nighttime search based on the facts presented in the affidavit.

## C. Judicial Notice

■ In denying the motion to suppress evidence, the trial court judge stated that he could not look to the testimony of Chief Cole as a basis for his ruling; instead, he could only look at those facts that appeared on the face of the affidavit. The judge then stated that the court took judicial notice that the location of Heaslet's house was such that daytime access may be unsuccessful, unsafe, and that evidence may be destroyed. Arkansas Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resert [resort] to sources whose accuracy cannot reasonably be questioned."

■ A court may take judicial notice of adjudicative facts in a criminal case, whether requested or not. Ark. R. Evid. 201(c). However, "[c]are should be taken by the court to identify the fact it is noticing, and its justification for doing so." *Colonial Leasing Co. of New England v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985). The reasons the location of Heaslet's house would call for a nighttime search were not appropriate to be judicially noticed in that it was not deducible from the record whether the facts were "generally known" or "capable of accurate and ready determination." *See* Ark. R. Evid. 201(b). The judge merely stated that "the location of the farm is such that there *might* be a clear view . . . and therefore, a daytime approach *might* be unsuccessful . . . some of the evidence *might* be destroyed. . ." (emphasis added). In order that a matter may properly be a subject of judicial notice, it must be "known", that is, well established and authoritatively settled, and uncertainty or difference of belief in respect to the matter in question will preclude judicial notice thereof. *Taylor v. City of Pine Bluff*, 226 Ark. 749, 294 S.W.2d 341 (1956). If a court takes judicial notice of any fact, it must be so notoriously true as not to be subject to reasonable dispute or must be capable of immediate accurate demonstration. *Collier-Dunlap Coal Co. v. Dickerson*, 218 Ark. 885, 239 S.W.2d 9 (1951). The facts judicially noticed by the court do not meet this requirement

in that there is no proof that they are "notoriously true" or that they were "capable of immediate accurate demonstration." *See id.* Because there was no justification provided, it appears that the facts judicially noticed were based upon the personal knowledge of the judge. "The personal knowledge of the judge is not judicial knowledge of the court, for there is no way of testing the accuracy of knowledge which rests entirely within the breast of the court." *Walker v. Eldridge,* 219 Ark. 594, 595, 243 S.W.2d 638, 639 (1951). Facts that are within the personal knowledge of the judge are not subject to judicial notice, unless they fit within the two subcategories set forth in Rule 201(b). Because we have no evidence that the facts were generally known in the area and because the judge's personal knowledge is not subject to cross-examination or review, *see* Ark. R. Evid. 605 ("The judge presiding at the trial may not testify in that trial as a witness."), there was no proper basis for taking judicial notice.

### D. *Suppression of the Evidence*

The next issue is whether the failure to establish reasonable cause with sufficient facts was such a substantial violation of the Rules as to warrant suppression of the evidence obtained. Ark R. Crim. P. 16.2(e) requires that the circuit court consider the following circumstances in determining whether a violation is substantial:

(i) the importance of the particular interest violated;

(ii) the extent of deviation from lawful conduct;

(iii) the extent to which the violation was willful;

(iv) the extent to which privacy was invaded;

(v) the extent to which exclusion will tend to prevent violations of these rules;

(vi) whether, but for the violation, such evidence would have been discovered; and

(vii) the extent to which the violation prejudiced moving party's ability to support his motion, or to defend himself in the proceedings in which such evidence is sought to be offered in evidence against him.

 *State v. Martinez, supra, Hall v. State, supra,* and *State v. Broadway, supra,* all held that substantial violations occurred under Rule 16.2 due to failure to justify a nighttime search with sufficient factual information. The privacy of the citizens in their homes, secure from nighttime intrusions, is a right of vast importance as attested not only by our Rules but also by our state and federal constitutions. *Garner v. State, supra.* Intrusion without sufficient factual justification substantially violates our Rules, and previous cases have so held. *Id.*

## II. CR 99-554

The affidavit in support of a search warrant in CR 99-554, dated November 10, 1999, contained six paragraphs of allegations. The first four paragraphs merely repeated the allegations contained in the affidavit for search warrant in CR 99-543. Paragraph five alleged that on November 8, 1999, a confidential informant told Chief Cole that Heaslet was forging checks using a glass table. Paragraph six alleged that on November 10, 1999, a confidential informant told Chief Cole that Heaslet was forging and cashing checks at a particular store and that Heaslet had again started making methamphetamine. Heaslet contends that the affidavit does not comply with Ark. R. Crim. P. 13.1(b) and is facially deficient for three reasons: (1) there is no reference to the time when the contraband was allegedly in his possession; (2) there is no reference to the place the contraband was seen; (3) there was no basis given for the confidential informant's knowledge or reliability.

 It is the uniform rule that some mention of time must be included in the affidavit for a search warrant. *Hartsfield v. State,* 76 Ark. App. 18, 61 S.W.3d 190 (2001). Although we have reversed cases based upon the failure of the search warrants to mention time, *Herrington v. State,* 287 Ark. 228, 697 S.W.2d 899 (1985), and *Ulrich v. State,* 19 Ark. App. 62, 716 S.W.2d 777 (1986), we have also held that time can be inferred from the information in the affidavit. *See Collins v. State,* 280 Ark. 453, 658 S.W.2d 877 (1983); *Fouse v. State,* 73 Ark. App. 134, 43 S.W.3d 158 (2001). Time is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant. *Hartsfield v.*

*State, supra.* It is clear that the time that is critical is the time during which the criminal activity was observed. *Id.* Because most of the dates provided in the affidavit only reference the date the officer received a report and not when the activity was observed, these references are insufficient to establish a time frame during which the activities occurred. For a search warrant to issue, evidence, either direct or circumstantial, must be provided to show that the contraband or evidence sought is likely in the place to be searched. *Yancey v. State, supra.* Standing alone, circumstantial evidence that the suspect may be a drug dealer is not circumstantial evidence that anything is in his home. *Id.* Therefore, paragraphs five and six of the affidavit do not state that any criminal activity or contraband items were seen at Heaslet's house and we cannot find that a link exists to support a search of his home.

When an affidavit for a search warrant is based, in whole or in part, on hearsay, the affiant must set forth particular facts bearing on the informant's reliability, and shall disclose, as far as practicable, the means by which the information was obtained. Ark. Rule Crim. P. 13.1(b). A search warrant is flawed if there are no indicia of the reliability of the confidential informant. *Fouse v. State*, 73 Ark. App. 134, 43 S.W.3d 158 (2001). Furthermore, the conclusory statement, "reliable informant," is not sufficient to satisfy the indicia requirement. *Id.* There is no fixed formula for determining an informant's reliability. *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001). Factors to be considered in making such a determination include whether the informant's statements are (1) incriminating; (2) based on personal observations of recent criminal activity; and (3) corroborated by other information. *Owens v. State*, 325 Ark. 110, 926 S.W.2d 650 (1996). Additionally, facts showing that the informant has provided reliable information to law enforcement in the past may be considered in determining the informant's reliability in the present case. *See Langford v. State*, 332 Ark. 54, 962 S.W.2d 358 (1998); *Moore v. State*, 297 Ark. 296, 761 S.W.2d 894 (1988). Failure to establish the veracity and bases of knowledge of the informant, however, is not a fatal defect if the affidavit viewed as a whole "provides a substantial basis for a finding of reasonable cause to

believe that things subject to seizure will be found in a particular place." Ark. R. Crim. P. 13.1(b).

The affidavit in issue here makes no mention of the informant's reliability. Because there are other factors that make the affidavit deficient, the affidavit viewed as a whole does not provide a substantial basis for a finding of reasonable cause to support a search warrant.

For the foregoing reasons, we hold that the circuit court erred in denying Heaslet's motions to suppress. Accordingly, we reverse and remand with directions that all the evidence seized from Heaslet's arrest be suppressed and that he be allowed to withdraw his guilty plea pursuant to Ark. R. Crim. P. 24.3(b).

Reversed and remanded.

HART and NEAL, JJ., agree.