376

David AKINS and Betty AKINS
*v.* STATE of Arkansas

CR 78-114                                572 S.W. 2d 140

Opinion delivered October 16, 1978 ·
(Division I)

*Sam Hugh Park,* for appellants.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty.
Gen., for appellee.

GEORGE ROSE SMITH, Justice. In this prosecution for
possession of marihuana with intent to deliver, the State was
allowed to introduce evidence obtained pursuant to a search
warrant. The officer's affidavit for the search warrant con-
tained only this statement about the reliability of his in-
formant: "An informant proved reliable in the past to af-

fiant told affiant that he had personally viewed the Marijuana upon the property above described."

The statement is fatally defective. Our controlling Rule, which is based upon many decisions, provides: "If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability . . . " Rules of Criminal Procedure, Rule 13.1 (b) (1976). The affiant must state more than a mere conclusion and disclose enough information to show that the informant is worthy of belief. *Rowland* v. *State*, 262 Ark. 783, 561 S.W. 2d 304 (1978). Here the affiant in substance said: "I know my informant is reliable, because he has been reliable in the past." That statement is a mere conclusion, providing the magistrate with no facts bearing upon the reliability of the unnamed informant. Thus the magistrate was at best depending upon the reliability of the affiant, not upon that of the informant. Where hearsay is an essential basis for the magistrate's conclusion, that short cut is not permissible.

The court correctly instructed the jury that the quantity of marihuana possessed was evidence to be considered along with all the other facts and circumstances in the cases in determining the intent with which the marihuana was possessed. Ark. Stat. Ann. § 41-110 (5) (b) and Commentary (Repl. 1977).

Reversed and remanded.

We agree. FOGLEMAN, HOLT, and HOWARD, JJ.