Donnie Ray FREEMAN and Susan Dianne FREEMAN
*v.* STATE of Arkansas

CA CR 79-17                                            594 S.W. 2d 858
Court of Appeals of Arkansas
Opinion delivered February 13, 1980
Released for publication March 5, 1980

*R.A. Schneider,* for appellants.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

M. STEELE HAYS, Judge. Appellants were charged with violation of the Uniform Controlled Substances Act for possession of marijuana with the intent to deliver. They were tried before a jury and convicted. Appellant Donnie Ray Freeman was found guilty of possession of marijuana with intent to deliver and received a seven year sentence. Appellant Susan Diane Freeman was found guilty only of possession of marijuana and received a sentence of one year imprisonment. From the verdict below, appellants bring this appeal.

Their first point for reversal is that the trial court erred in overruling appellant's motion to suppress the evidence because of an invalid search warrant. Specifically, they allege the affidavit in support of the warrant contains insufficient information and therefore, the application for the search warrant should have been denied.

The affidavit of Lieutenant Charles Evans stated:

Within the past 72 hours a confidential informant ad-

vised that a large quantity of marijuana and other controlled drugs was personally observed by the informant inside the above described residence and were being processed for sale by defendant. During this 72 hours a second confidential informant advised that in excess of five pounds of marijuana and over 200 capsules and pills was personally observed being stored inside the residence. Reliability of the second informant is established by allowing a controlled contact of the defendant by the confidential informant where conversation of the defendant was heard by the affiant clearly indicating that marijuana and controlled drugs were in the defendant's possession and were for sale.

We are compelled to agree with appellants that the affidavit is insufficient to support the search warrant.

An affidavit may be based on hearsay information and need not necessarily be based on direct personal observations of the affiant. However, in such circumstances, the affiant must show some underlying basis for the officer's belief that the informant was credible and reliable. *Aguilar* v. *Texas,* 378 U.S. 108 (1964). [See also *Spinnelli* v. *United States,* 393 U.S. 410 (1969)]. To a certain extent, the ruling in *United States* v. *Harris,* 403 U.S. 573 (1971) undercuts the requirements enunciated in *Aguilar, supra.* In *Harris,* the United States Supreme Court stated that a police officer's affidavit "should not be judged as an entry in an essay contest." As long as there is a "substantial basis" for crediting the hearsay information, then it is sufficient.

However, we believe that the affidavit fails even in light of the *Harris* case. Arkansas Rules of Criminal Procedure 13.1(b) requires that when an affidavit is based on hearsay, in whole or in part, "the affiant or witness shall set forth particular facts bearing on the informant's reliability, and shall disclose, as far as practicable, the means by which the information was obtained. In *Akins* v. *State,* 264 Ark. 376, 572 S.W. 2d 140 (1978), the Arkansas Supreme Court stated that the informant's personal observation of marijuana on the defendant's property was insufficient to establish reliability of the informant. In *State* v. *Lechner,* 262 Ark. 401, 557 S.W. 2d 195

(1977), the court stated that reliability of an informant could be established in many ways, i.e., an incriminating statement by an informant; an informant who has given information in the past which led to convictions; an informant whose reliability is established by the affiant's own personal knowledge of his credibility. Nevertheless, the court explicitly stated:

> However, the bare statement by a police officer that he has received information from a reliable informant is not enough to satisfy the test.

Hence, the "substantial basis" requirement in *Harris* can not be satisfied by the informant's own personal observations alone. *Akins, supra.* Also, a statement by the affiant that the informant is reliable will not support the test pursuant to *Lechner, supra.*

In the instant case, the affidavit stated no underlying facts to support the credibility of either informant. *Aguilar, supra.* As to the first informant, an attempt to establish credibility was predicated on the informant's personal observation of the marijuana inside the defendant's residence. This recital alone is insufficient to support a valid affidavit based on hearsay. *Akins, supra.* The second informant's reliability was predicated again on the informant's personal observations, and by a telephone conversation between the informant and the "defendant" heard by the affiant. However, an inconsistency was evident between the recital in the affidavit and the affiant's testimony at trial. At trial, the affiant, Lt. Charles Evans, testified that he heard the conversation between the informant and the defendant indicating that marijuana and a substantial amount of controlled drugs were in the defendant's possession. Then, counsel for the defendant asked:

> Q.: Now, at that time, did you know who the defendant was?
>
> A.: Yes, sir, I knew the name.
>
> Q.: Who was It?

A.: Don Freeman.

Q.: But you just said you talked to a female.

A.: I talk: I didn't talk to anyone. I listened to the conversation who they identified and they said, "Susan, is Don there?" And, led me to believe it would be —

Q.: The conversation on the other end was all female voice though?

A.: Yes, sir.

Clearly, there is a distinct inconsistency between the testimony and the affidavit of Lt. Evans. The affidavit explicitly stated that the conversation was between the defendant and the informant. However, Lt. Evans's testimony indicated that the voice was not that of Don Freeman but of Susan Freeman. This inconsistency is further supported by the search warrant which gave authorization to search only the premises and the person of Don Freeman.

Arkansas Rules of Criminal Procedure, Rule 13(b) requires the affiant to set forth "particular facts bearing on the informant's reliability." We believe this inconsistency diminishes the accuracy of the affidavit, and, in light of the rule and cases requiring "particularity" in an affidavit when it is based on hearsay, we hold that the affidavit was insufficient to support the search warrant.

Since the first point of appellants requires reversal, we need not discuss the other points alleged. However, we are compelled to discuss one other issue raised by appellants because we think it is of sufficient importance to require comment.

During the course of the search, the officers had a matron search the body cavity of appellant Susan Diane Freeman. This search was performed in the bathroom of appellants' home and after contraband had been seized by the officers. While the matron was conducting the search, one of the officers entered the bathroom.

The treatment to which this appellant was subjected was clearly an unreasonable invasion of privacy and raises a serious Fourth Amendment question as to what constitutes an unreasonable search and seizure.

Obviously, a search warrant does not give officers the authority to conduct any type of search *they* deem necessary while on the premises. Arkansas Rules of Criminal Procedure, Rule 12.3(b) requires that any search of a body cavity must be conducted by a physician or a licensed nurse. In the instant case, the matron who conducted the search was neither. Also, Rule 12.3 only allows the search of a body cavity in three situations:

> (1) if there is a strong probability that it will disclose things subject to seizure and related to the offense for which the individual was arrested; and

> (2) if it reasonably appears that the delay consequent upon procurement of a search warrant would probably result in the disappearance of destruction of the objects of the search; and

> (3) if it reasonably appears that the search is otherwise reasonable under the circumstances of the case, including the seriousness of the offense and the nature of the invasion of the individual's person.

In this case, none of these situations was present. Officers had already discovered contraband which was the object of the search warrant. Although no amphetamines or any other "pills" mentioned in the search warrant were ever found during the search, there was not even a suggestion, much less a strong probability, that such substances would be found in the body cavity of appellant. Also, the seriousness of the offense was minor as compared to the nature of the invasion of the individual's person. [Mrs. Freeman was convicted only of possession and was not even mentioned in the search warrant].

We believe this search violated Rule 12.3 of the Arkansas Rules of Criminal Procedure and was also a violation of

appellant's rights guaranteed in the United States Constitution in the Fourth and Fourteenth Amendments. [See *Cupp* v. *Murphy,* 412 U.S. 291 (1973); *Schmerber* v. *California,* 384 U.S. 757 (1966). In *Wolf* v. *Colorado,* 338 U.S. 25 (1948), the United States Supreme Court stated that the "security of one's privacy against arbitrary intrusion by the police" was "at the core of the Fourth Amendment." In *Schmerber, supra,* the Court elaborated on this point:

> The interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such evidence will be found these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search.

Viewing all the facts and circumstances in the light most favorable to the state, we nevertheless find that this search was an unreasonable invasion of privacy which cannot be sanctioned. This type of search should only be allowed in compelling circumstances, and when it is allowed, strict adherence to Rule 12.3 should be required.

Reversed and remanded.