Earl Bernard WILLIAMS *v.* STATE of Arkansas

CA CR 84-124                                      684 S.W.2d 821

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1985

*James E. Smedley,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. In June 1983 appellant pled guilty to the charge of possession of a controlled substance with intent to deliver and received a four-year suspended sentence. In August 1983 appellant was again charged with possession of a controlled substance with intent to deliver. A petition was filed to revoke his suspended sentence, and a trial for the substantive crime was consolidated with a hearing on the petition to revoke. Appellant was found guilty of the substantive crime, sentenced to serve four years in the Arkansas Department of Correction, and fined $500.00. His suspended sentence was revoked and he was sentenced to four years imprisonment to run concurrently with the sentence in the other case.

This second charge of possession with intent to deliver arose when a confidential informant contacted Officer Darrell Hall of the Little Rock Police Department and informed him that appellant was selling marijuana from his home. The informant offered to make a controlled buy from appellant; the officer agreed; and they proceeded to make two controlled purchases. Before each buy the informant came to the police department where he was searched for contraband and money. After the search, the officer would record the serial number of a $10 bill which he would give

the informant, then Hall would take the informant to appellant's home, and the informant would get out of the car and go into the house. Each time the informant returned, within approximately five minutes, with a green vegetable substance that later tested out as marijuana.

Based upon the evidence of the two buys, Officer Hall obtained a search warrant for appellant's house. When officers attempted to execute the warrant, appellant was caught flushing green vegetable material down the toilet, and plastic bags containing marijuana were found in several places in the house. At the trial appellant argued that he did not even live in the house, and on appeal he argues that the trial court erred in denying his motion for discovery of the identity of the informant and in denying his motion to suppress the evidence obtained as a result of the execution of the search warrant.

Appellant bases his argument on case law which holds that when a confidential informant is an active participant in a transaction, it is error to withhold the informant's identity from the defendant. In *Roviaro* v. *United States,* 353 U.S. 53 (1957), the United States Supreme Court stated:

What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Scher* v. *United States,* 305 U.S. 251, 254; *In re Quarles and Butler,* 158 U.S. 532; *Vogel* v. *Gruaz,* 110 U.S. 311, 316. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

. . . .

. . .Where the disclosure of an informer's identity,

or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

. . . .

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

The Arkansas Supreme Court has considered this issue several times. In *Bennett* v. *State*, 252 Ark. 128, 477 S.W.2d 497 (1972), the prosecution presented an undercover investigator who testified that he went to appellant's apartment accompanied by two confidential informers, one of whom purchased drugs which the agent paid for. The court stated:

Generally, whether the privilege of nondisclosure of an informer's identity applies depends upon whether the informer was present and participated in the alleged illegal transaction with which the defendant is charged, or whether the informer was "merely" one who supplied only a "lead" to law enforcement officers to assist them in the investigation of a crime. The identity of an informer is required in certain instances, particularly where he was present as a participant. [Citations omitted.] The rationale is that where the informer is a witness to an illegal transaction, his testimony could be relevant to amplify, modify, or contradict the testimony of a government witness and, therefore, essential to a fair determination of the cause.

More recently, in the case of *Jackson* v. *State,* 283 Ark. 301, 675 S.W.2d 820 (1984), the court again reviewed the question of when an informant's identity must be disclosed. The informant in *Jackson* had revealed to officers that appellant was selling marijuana from his home and that he, the informant, had made two purchases from him. Relying on this information the police obtained a search warrant and discovered in the ensuing search enough contraband to convict appellant of possession of marijuana with intent to deliver, possession of valium, and possession of drug paraphernalia with intent to use. The court held:

> Appellant also contends the trial court should have ordered disclosure of the confidential informant's identity. In this case the charge did not include the actual delivery of a controlled substance, only the possession with intent to deliver. In *Bennett* v. *State,* 252 Ark. 128, 477 S.W.2d 497 (1972), we required disclosure when the defendant was charged with the sale of drugs and the informant actually participated in the crime. We have not required disclosure where a defendant was charged only with possession and the informant merely supplied information leading to the issuance of the search warrant. [Citations omitted.]

Under the law, and in view of the facts in this case, we find no error in the court's refusal to require the disclosure of the identity of the informant insofar as the trial of this case was concerned. However, appellant also argues that the identity of the informant should have been disclosed because of the issue raised as to probable cause for the issuance of the search warrant. *United States* v. *Robinson,* 325 F.2d 391 (2nd Cir. 1963), is cited in support of this contention. We do not agree.

In *Robinson,* the issue was probable cause to arrest. The appellate court held that apart from the information furnished by the "special agent of the Government" the police officers did not have enough information to have probable cause. Thus, the identity of the special agent was required so the defendant could examine him and elicit all relevant facts so the judge could pass upon the question of

probable cause to arrest. This is not the situation here. In this case the strength of the officer's affadavit for issuance of the search warrant rested on his own knowledge. There was no need to examine the informant. In *Brothers* v. *State*, 261 Ark. 64, 546 S.W.2d 715 (1977), the court said:

> In *McCray* v. *Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), the Supreme Court held that when the issue is not guilt or innocence, but probable cause for search, and the State relies in good faith on credible information supplied by a reliable informant, no due process right is violated by the assertion of informant's privilege.
>
> No confrontation clause violation occurred since the information supplied by the tipster was not used at trial. *See Cooper* v. *California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), and *McCray, supra.*

Appellant argues that he did not live in the house where the buys were made by the informant but the evidence that appellant did live in the house was overwhelming and the charges against appellant were not based on anything except what was disclosed by the search. Under these circumstances, we find the court did not err in refusing to order the disclosure of the identity of the informant or in refusing to suppress the evidence obtained as a result of the search warrant.

Affirmed.

CORBIN and GLAZE, JJ., agree.