Richard Clark HENRY and Ronald Ladd Henry *v.* STATE of Arkansas

CA CR 88-243                                        775 S.W.2d 911

Court of Appeals of Arkansas
Division II
Opinion delivered September 13, 1989

*Johnson & Harrod*, by: *William E. Johnson*, for appellants.

*Steve Clark*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellants were convicted by

a jury of possession of a controlled substance, marijuana, with intent to deliver. They were sentenced to five years in the Arkansas Department of Correction and fined $5,000.00. On appeal they argue four points: that the trial court erred in denying their motion to quash the jury panel; that the trial court erred in refusing to exclude certain evidence requested by the appellants during discovery and not furnished by the State; that the trial court erred in refusing to suppress evidence seized as the result of an invalid search warrant; and that the trial court erred in refusing to order the State to reveal the identity of its confidential informant. Because the appellant's second and third points have merit, we reverse and remand.

We first address the appellant's contention that the trial court erroneously refused to exclude evidence requested during discovery but not provided by the State. The record shows that the appellants were arrested in September 1987, and trial was set for March 17, 1988. The appellant, Ronald Henry, filed a motion for discovery requesting the names and addresses of all witnesses the State intended to call, any written or recorded statements made by Ronald Henry, reports or statements of experts and the results of any tests or comparisons, and the prior criminal records of any witnesses. The appellant, Richard Henry, filed a discovery request which asked for the same information as well as other information not relevant to this appeal. The State responded that it had an "open file" policy and that anything in the file could be copied during business hours. The State also provided the names of ten witnesses; however, the State did not provide the addresses of the witnesses. The State did provide a copy of the information, a police report, an incident offense report, an arrest report, a copy of the search warrant and affidavit, and an inventory of the items seized in the search of Richard's house.

On March 14, 1988, three days before trial, the appellants were furnished a copy of a laboratory report analyzing the marijuana seized from Richard's house. However, the appellants were not informed of the existence of a report which indicated that the appellants' fingerprints were not found on the bags of seized marijuana. The existence of this fingerprint report was not revealed until after the trial had begun. Gary Dallas, an employee of the crime laboratory, was not revealed as a potential witness to the appellants, but he was permitted to testify. While testifying,

he read from a submission sheet which had been submitted with the marijuana to the crime lab. The existence of this submission sheet had not been revealed to the appellants.

On March 15, 1988, the appellants filed a motion to suppress the unrevealed laboratory report and a motion for a continuance. Both motions were denied by the trial court. At a hearing, Rex Harris, the criminal investigator for the Ashley County Sheriff's Department, testified that the report had been in the Sheriff's file.

Arkansas Rules of Criminal Procedure 17.1 imposes a duty on the State to disclose to defense counsel, upon a timely request, all material and information to which a party is entitled in sufficient time to permit his counsel to make beneficial use of it. *Williamson* v. *State*, 263 Ark. 401, 565 S.W.2d 415 (1978). Furthermore, information held by the police is imputed to the prosecution's office. *Lewis* v. *State*, 286 Ark. 372, 691 S.W.2d 864 (1985). In this case it is uncontroverted that the crime laboratory results were in the police files but it is not clear whether they were properly delivered to the prosecutor. Under these circumstances, we think that *Lewis, supra*, is controlling and hold that the State did not comply with A.R.Cr.P. 17.1.

The prejudice suffered by the appellants is clear. The theory of their defense was that the marijuana was brought into the house by a visitor, Todd Johnson. Without the disclosure of the laboratory report on the marijuana until three days before trial the defense did not have adequate opportunity to conduct its own tests on the marijuana. By not revealing the exculpatory fingerprint report until trial, the defense did not have an opportunity to make full use of the information. The defense could not prepare for cross-examination of the crime laboratory analyst. Furthermore, the marijuana laboratory report was crucial to the State in light of the fact that the police had lost four of the five confiscated bags of marijuana. In cases where prejudice will result from the State's failure to comply with pretrial discovery rules, the trial court must take appropriate action to remove that prejudice by excluding the evidence, ordering discovery, granting a continuance or entering another order appropriate under the circumstances. *Shuffield* v. *State*, 23 Ark. App. 167, 745 S.W.2d 630 (1988). We think that the record shows that the appellants, at the very least, suffered surprise when the existence of the

fingerprint report was revealed at trial and when Gary Dallas testified. The prejudice caused by this surprise could, perhaps, have been cured had the requested continuance been granted. However, because the trial court refused to grant either a continuance or suppress the evidence, we hold that the appellants were prejudiced by the trial court's failure to act, and we reverse and remand for a new trial.

We will address the other points raised by the appellants which are likely to recur on retrial. The appellant's second argument concerns the affidavit used to establish reasonable cause for issuance of the search warrant. The affidavit states:

> Before Hamburg Municipal Judge Timothy Tarvain [sic]. The undersigned, being duly sworn, deposes and says that he (is positive) (*has reason to believe*) that (*on the person of*) (*on the premises known as*) Rt.1, Hamburg Ar[.] 1.5 miles north of Pine Hill Store on east side of Hwy [.] 133. Residence described as "A" frame house two story brown in color in the County of Ashley, State of Arkansas, there is now being concealed certain property, namely controlled substances (marijuana) (drug parafanalia) [sic] which is in violation of the following Arkansas Statute(s) or Law(s): 82-2617. The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

> . . .

> The officer has obtained information from a reliable informant. The informant is believed reliable because (*information from the informant has been used before and has aided in obtaining convictions*) or (the informant is well known in the community and has established a reputation for truth and veracity in the community) (other reasons for reliability of witness: ___). Other grounds for the search warrant have been established, namely controlled drug buy made by C.R.I.

(Emphasis indicates options selected by the affiant.) The affidavit was a preprinted form and was signed by David Johnson. A search warrant was issued and a search was made of the home of Richard Henry. The officers conducting the search found four bags of

marijuana, the largest containing 1.87 ounces. One small bag was found in Richard's car and a large amount of cash, $11,140.00, was found on the person of Ronald Henry.

The appellants filed a motion in limine requesting that the evidence seized during the search be suppressed. At a hearing on the motion, Rex Harris testified that he and David Johnson, a patrolman for the Crossett Police Department, obtained the search warrant from Judge Tarvin. He stated that he knew who the confidential informant was and that the controlled drug buy had been made within two weeks of the September 18 search. However, he admitted that, at the time the search warrant was issued, there had not been any convictions stemming from information received from the informant. David Johnson testified that he told Judge Tarvin that he had been conducting a surveillance of the residence and that there was a lot of out-of-state traffic at the residence and a lot of unusual visits. There was no recorded testimony taken under oath in support of the search warrant.

The critical flaw in the affidavit is the absence of any indication of when the criminal activity was observed. *Herrington v. State*, 287 Ark. 228, 697 S.W.2d 899 (1985).

> [W]hile inferences the magistrate may draw are those which a reasonable person could draw, certain basic information must exist to support an inference. All the magistrate had in this case was the affidavit and the information which we have recited. We find one defect that cannot be cured. The affidavit mentions no time during which the criminal activity occurred. . . .
>
> . . .
>
> It is the uniform rule that some mention of time must be included in the affidavit for a search warrant. . . . The only softening of this position occurs when time can be inferred from the information in the affidavit. For example, where an affidavit recited that the contraband was "now" in the suspect's possession and that the search was urgent, that was found to be adequate to satisfy the time requirement. . . . In another case where the affidavit said that contraband was "recently" seen, coupled with the use

of present tense as to the location of the contraband, that was held to be sufficient. . . . Time is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant. . . . That is not an unreasonable nor technical demand of the law. (Citations omitted).

*Herrington*, 287 Ark. at 231, *quoting Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983).

■ Although the affidavit does state that "there is now being concealed certain property," this language is found in the printed form section of the affidavit and there is no other indication of time. The affidavit does not state when the informant made the controlled drug buy, where the buy was made, or from whom the informant purchased the drugs. Further, there are no facts asserted in the affidavit indicating that there were other drugs located in the residence sought to be searched. Although at the hearing on the motion the officers were able to pin down the time to within one week of the search, there is no indication in the record that this information was before the magistrate and there is no indication that this information was recorded and given under oath as required by Ark. R. Cr. P. 13.1(b).

■ The State urges us to apply the good faith exception announced in *United States* v. *Leon*, 468 U.S. 897 (1984). However, the Arkansas Supreme Court made it clear in *Herrington, supra*, that if a time factor cannot be ascertained or inferred, there is no sufficient basis for a probable cause determination and the good faith exception will not apply.

■ The search warrant is also flawed because there are no indicia of the reliability of the confidential informant. In *Freeman* v. *State*, 268 Ark. 614, 594 S.W.2d 858 (1980), we stated that an affidavit may be based on hearsay when reliability of the informant can be established. The affiant must set forth particular facts bearing on the informant's reliability, and shall disclose, as far as practicable, the means by which the information was obtained. In the present case, the officers admitted that, at the time the warrant was issued, the informant had not aided in any convictions. All other statements in the affidavit about the informant are merely conclusions and there is nothing in the

record which establishes the reliability of the informant. Therefore, in view of the fact that the magistrate was unintentionally misled as to reliability of the informant and because there is nothing in the record before us that indicates reliability, the warrant would be invalid even if there had been an appropriate reference as to the time frame in which the criminal activity occurred. We hold that, for both reasons explained above, the trial court erred in failing to grant the appellant's motion to suppress the evidence seized pursuant to the search warrant.

The appellant also argues that the trial court erred in refusing to quash the jury panel because the jury was selected in violation of Ark. Code Ann. § 16-32-107 (1987). Subsection (b) states:

> If the jurors are not present in court, the judge shall direct the sheriff to summon the number of jurors needed, the names of whom shall be taken from the jury book in the same order as they appear thereon, exempting those who have been excused from attendance.

The record reflects that there was a list of 152 persons in the jury book. Of the 152, approximately 50 had been excused. A list of 30 jurors was prepared by the judge and Dean Nelson, the Ashley County Circuit Clerk. According to Nelson, the list reflected the persons who had been present at a prior impaneling of the jury. The record also reflects that some of the potential jurors were not called because they had not returned questionnaires or had not been served. However, no reason was given for not calling many of the jurors except for the fact that they had not appeared at the prior impaneling.

In *Welch* v. *State*, 269 Ark. 208, 599 S.W.2d 717 (1980), the names of prospective jurors were selected at random, placed in alphabetical order, and placed on the jury wheel, and a smaller active jury panel was drawn. The appellant argued that putting this smaller list in alphabetical order and summoning the jurors in that order rather than in the order that they had been drawn from the wheel was in violation of Arkansas law. In affirming, the Supreme Court noted that no possibility of prejudice had been shown and that the names were put in alphabetical order for convenience rather than any sinister purpose. We find the same rationale in the present case: the trial

court clearly was attempting to avoid the expense and time of calling jurors who had not bothered to respond to their call to duty. However, even though the appellants here have failed to demonstrate prejudice, we note that it is a better practice for trial courts to follow the method of jury selection prescribed in the Arkansas Jury Wheel Act. *See Hall* v. *State*, 259 Ark. 815, 537 S.W.2d 155 (1976).

■ The appellants' final point concerns the identity of the confidential informant who allegedly made the controlled drug buy and is referred to in the affidavit for the search warrant. It is the appellants' contention that the trial court erred in refusing to order the State to reveal the name of the confidential informant. We find no error because the appellants were not charged with the sale of drugs involving the informant; they were charged with possession with intent to deliver. Information supplied by the informant was not used at trial and the confrontation clause, U.S. Const. amend. VI, was not violated. Therefore, the State did not have a duty to disclose the name of the informant. *Williams* v. *State*, 14 Ark. App. 32, 684 S.W.2d 821 (1985).

Reversed and Remanded.

ROGERS, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the reversal of this case because the affidavit for the search warrant did not show the underlying basis for the officer's belief that his informant was credible and reliable. I do not agree, however, that the affidavit was defective because there was an insufficient reference to the time the criminal activity was observed.

The case of *Herrington* v. *State*, 287 Ark. 228, 697 S.W.2d 899 (1985), holds that the good faith exception to the exclusionary rule applied in *United States* v. *Leon*, 468 U.S. 897 (1984), would be followed in Arkansas so that the absence of a reference to time in an affidavit would not make the subsequent warrant automatically defective. The court said:

> Rather, in such a situation, we look to the four corners of the affidavit to determine if we can establish with certainty the time during which the criminal activity was observed.

> *If the time can be inferred in this manner, then the police officer's objective good faith reliance on the magistrate's assessment will cure the omission.*

287 Ark. at 232 (emphasis supplied).

In the present case, the affidavit, after describing a certain residence, clearly states that "there is *now* being concealed" in that residence certain controlled substances. I think this time reference is sufficient and to hold otherwise negates the good faith rule of *Leon* and *Herrington*.