

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-610

| | | |
|---|---|---|
| | | **Opinion Delivered** January 18, 2017 |
| DALVIN HALEY | | APPEAL FROM THE FAULKNER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 23CR-14-447] |
| V. | | |
| | | HONORABLE CHARLES E. |
| | | CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Pursuant to Arkansas Rule of Criminal Procedure 24.3(b), Dalvin D. Haley entered a conditional guilty plea in the Faulkner County Circuit Court to the charges of maintaining a drug premises within 1000 feet of a drug-free zone, possession with intent to deliver ecstasy, possession with intent to deliver Xanax, possession with intent to deliver marijuana, and possession of drug paraphernalia. On appeal, Haley argues that the circuit court erred in denying his motion to suppress evidence seized during the search of his apartment because the affidavit in support of the search warrant failed to establish a basis for the confidential informant's knowledge and reliability and it failed to provide a substantial basis for a finding of reasonable cause to believe that things subject to seizure would be found in his apartment. We affirm.

SLIP OPINION

On April 15, 2014, Agent Lucas Emberton of the Twentieth Judicial Drug Crime Task Force swore out an affidavit for a search warrant for the address of 300 South Donaghey, Fox Run Apartment B-2. The affidavit provided:

> FACT #1: On April 8, 2014, Investigator Sergeant Loeschner, Investigator Todd Wesbecher, Investigator Kennedy and I met with confidential informant #168 at a predetermined location in Conway, Arkansas. The informant and informant's vehicle were searched for illegal contraband and none was found. The informant was given an amount of U.S. Currency which was photocopied and made a part of the case file to go to the address of 300 South Donaghey Apartment B-2 (Fox Run Apartments) in Conway, Arkansas and purchase marijuana from a black male known to the informant as "Dalvo." The informant left the predetermined location and was kept under visual surveillance and did not stop at any other location until arriving at 300 South Donaghey and the informant remained inside of the vehicle. A black male was witnessed walking out of 300 South Donaghey, Apartment B-2 and getting into the informant's vehicle. The male stayed inside the vehicle for a short period of time and was witnessed walking back to Apartment B-2. The informant was kept under visual surveillance and did not stop at any other location until arriving back at the predetermined location. The informant handed to me an amount of green vegetable matter and stated it was purchased from "Dalvo" while in the parking lot of Fox Run Apartments and was represented to be marijuana. The informant and informant's vehicle were searched and no illegal contraband was located. The green vegetable matter was transported to Conway PD and entered into evidence locker 022 for submission to the Arkansas State Crime Laboratory.

The affidavit further provided that a second controlled buy occurred on April 15, 2014, involving facts identical to those that had occurred on April 8, 2014. Finally, the affidavit provided a detailed description of Fox Run Apartment B-2 from which "Dalvo" exited and reentered, along with detailed directions to the apartment.

The warrant was issued by the circuit court on April 15, 2014, and a search of apartment B-2 was conducted on April 17, 2014. As a result of the search, Haley was charged with five

drug offenses and simultaneous possession of drugs and a firearm.[1] The circuit court denied Haley's pretrial motion to suppress evidence found during the execution of a search warrant of his apartment. Haley entered a conditional guilty plea, and this appeal followed.

When reviewing a circuit court's ruling on a motion to suppress, we make an independent determination based on the totality of the circumstances; we view the evidence in the light most favorable to the appellee and reverse only if the ruling is clearly erroneous or against the preponderance of the evidence. *Fouse v. State*, 73 Ark. App. 134, 142, 43 S.W.3d 158, 164 (2001). We apply the totality-of-the-circumstances test in determining whether the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant. *Id.*, 43 S.W.3d at 164.

Arkansas Rule of Criminal Procedure 13.1(b) governs the required contents of a search warrant:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

---

[1]The simultaneous-possession charge was later nolle prossed by the State.

Ark. R. Crim. P. 13.1(b) (2016). A search warrant is flawed if there is no indicia of the reliability of the confidential informant. *Fouse*, 73 Ark. App. at 143, 43 S.W.3d at 164 (citing *Henry v. State*, 29 Ark. App. 5, 775 S.W.2d 911 (1989)). There is no fixed formula for determining an informant's reliability. *Heaslet v. State*, 77 Ark. App. 333, 345, 74 S.W.3d 242, 249 (2002). Factors to be considered in making such a determination include whether the informant's statements are (1) incriminating, (2) based on personal observations of recent criminal activity, and (3) corroborated by other information. *Id.* at 345, 74 S.W.3d at 249. Facts showing that the informant has provided reliable information to law enforcement in the past may be considered in determining the informant's reliability in the present case. *Id.* at 345, 74 S.W.3d at 249 (citing *Langford v. State*, 332 Ark. 54, 962 S.W.2d 358 (1998); *Moore v. State*, 297 Ark. 296, 761 S.W.2d 894 (1988)). Failure to establish the veracity and bases of knowledge of the informant, however, is not a fatal defect if the affidavit viewed as a whole "provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place." *Id.* at 345–46, 74 S.W.3d at 249 (citing Ark. R. Crim. P. 13.1(b)).

Haley argues on appeal that the circuit court erred in denying his motion to suppress because the affidavit included the hearsay testimony of the confidential informant that he purchased marijuana from "Dalvo" on April 8 and 15, 2015, and the affidavit was devoid of any facts establishing a basis of the informant's knowledge and reliability. He further argues that this defect is fatal because the affidavit fails to provide a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in particular places.

We agree that Agent Emberton's affidavit failed to provide facts relating to the reliability of the confidential informant. There are no facts in the affidavit explaining the

informant's relationship with Haley, the informant's previous drug-buying experience with Haley, or how he (the informant) acquired the information that Haley was selling marijuana. Further, Agent Emberton did not provide specific details or general information about the informant's assistance in previous drug cases in order to establish his reliability. *Langford*, 332 Ark. at 61, 962 S.W.2d at 362 (where officer's affidavit did not provide information about the informants' knowledge of the defendant's criminal activity or specific details concerning the informants' assistance in previous drug cases, the officer's affidavit demonstrated the reliability of the informants by including general facts that they had provided information about other drug violators, which had been verified though the officer's personal knowledge and led to the subsequent arrest and prosecution of violators).

However, this defect is not fatal because review of the affidavit as a whole provided a substantial basis for a finding of reasonable cause to believe that things subject to seizure would be found in apartment B-2. In *Ingle v. State*, 2010 Ark. App. 410, at 9, 379 S.W.3d 32, 39, we held that an affidavit in support of a search warrant that may have failed to establish the confidential informant's reliability or basis of knowledge was not a fatal defect where the affidavit recited facts of the affiant's monitoring of the confidential informant's controlled buy of methamphetamine.

In the instant case, Agent Emberton's affidavit likewise stated that he monitored the confidential informant's controlled buys of marijuana from "Dalvo." Agent Emberton's affidavit included facts that on two separate occasions—April 8 and 15, 2014—he, along with two other law-enforcement officers, searched the informant and his vehicle for illegal contraband and none was found. The informant was given currency to purchase marijuana

from a black male known as "Dalvo" at apartment B-2. The informant, during both drug purchases, was under constant surveillance. Thus, on both occasions, the officers, including Agent Emberton, witnessed "Dalvo" exit apartment B-2, enter the informant's vehicle for a short period of time, and then leave the vehicle and return to apartment B-2. After both controlled buys, the informant delivered to the officers "green vegetable matter" purchased from "Dalvo," who represented it was marijuana. These events, witnessed by Agent Emberton and included in his affidavit, corroborated the information provided by the informant and supported the reliability of the informant. Therefore, we hold that the circuit court did not clearly err in finding that Agent Emberton's affidavit, as a whole, provided a substantial basis for a finding of reasonable cause to believe that things subject to seizure would be found in apartment B-2. Accordingly, we affirm.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Bill Luppen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.